### JOHN HUGHES v. CLARKSON SHIELDS.

REVISED STATUTES 6501 (LAN. 10078) AS TO DEMAND IN TEN PER CENT GARNISHMENT SUIT IS JURISDICTIONAL.

The provision of Rev. Stat. 6501 (Lan. 10078) that one bringing an action on an account for necessaries shall first make a demand in writing for the excess over and above ninety per cent of the personal earnings of the debtor, is jurisdictional, and unless it has been complied with, the attachment should be discharged.

[Syllabus approved by the court.]

ERROR to Hamilton common pleas court.

**M. W. Conway,** for plaintiff.
**McCartin & Shultz,** for defendant.

### GIFFEN, J.

This action was submitted in the absence of counsel for plaintiff in error and the judgment affirmed upon the ground that no demand in writing for the excess over and above ninety per centum of the personal earnings of the debtor was made before the action was commenced, but upon his application and for good cause shown a rehearing of the case was granted.

The question now presented is whether under Rev. Stat. 6501 (Lan. 10078), the court is authorized to discharge an attachment when the person bringing an action for necessaries fails to first make a demand in writing for the excess over and above ninety per cent of the personal earnings of the debtor. Revised Statutes 6489 (Lan. 10066) gives the plaintiff the right of attachment upon a claim for necessaries against ten per cent of the personal earnings of a defendant in any case, but Rev. Stat. 6501 (Lan. 10078), as amended in 94 O. L. 376, provides, in substance, that the garnishee may pay the money owing him by the defendant to the constable and be discharged from liability for any money so paid and allowed his own costs, provided that he may pay to such debtor ninety per cent of his personal earnings less the sum of four dollars for costs and be released from any liability to such creditor; provided further, that the person bringing the action for necessaries shall first make a demand in writing for the excess over and above ninety per centum of the personal earnings of the debtor, and no cost or ex-

Hughes v. Shields.

pense shall be chargeable to the defendant debtor if he tender payment in money or duly accepted order for such excess; and provided, that more than one such demand by the same creditor shall not be made at closer periods than thirty days, and the amount demanded may be for the excess over and above ninety per cent of the earnings during the interval of thirty days.

Counsel contend that this provision was intended merely to save costs to the defendant, and that a failure to give such demand would make the plaintiff liable for the costs. Although the defendant would not, in such case, be liable for the costs, it does not follow that the plaintiff would be chargeable with any costs other than his own, and besides the purpose of the statute is not only to save costs to the defendant, but to spare him the humiliation and annoyance of a law suit and the expense of employing counsel to defend the same.

The provision of the statute is explicit that the person bringing an action for necessaries shall first make the demand in writing, and also that such demand by the same creditor shall not be made at closer periods than thirty days. These provisions have no necessary relation to or connection with the preceding provision concerning the right and duty of a garnishee, and seem to us to have been made for the purpose of giving the debtor an opportunity to protect himself against the attachment suit; in other words, that the demand in this class of cases is jurisdictional and, unless complied with, the attachment should be discharged.

Counsel have called our attention to the case of *K. B. Company* v. *Batie*, 25 O. C. C. 482, where a different conclusion is reached.

We have examined the same with some care and were inclined at first to follow it, but upon further consideration of the question we have been unable to concur in the views there expressed.

Judgment of the court of common pleas discharging the attachment will be affirmed.

**Jelke** and **Swing, JJ.,** concur.